UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLAD KROUTIK, Landlord,<br><br>                             Plaintiff,<br><br>v.<br><br>NATALIE RAJIC, Tenant,<br><br>                             Defendant. | Case No.: 25-CV-2794 JLS (AHG)<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION TO SEAL IN ENTIRETY;**<br><br>**(2) SUA SPONTE REMANDING TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO;**<br><br>**(3) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS; AND**<br><br>**(4) DENYING AS MOOT DEFENDANT'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS.** |

      Presently before the Court is Defendant Natalie Rajic's Motion Seal to in Entirety ("Mot."), Notice of Removal ("Not."), Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP App."), and Defendant's Motion to Dismiss Unlawful

Detainer Complaint.[1] Having carefully considered Defendant's arguments, the Complaint, and the relevant law, the Court **DENIES WITH PREJUDICE** Defendant's Motion to Seal in Entirety. Further, the Court finds that there is no basis for subject matter jurisdiction and *sua sponte* **REMANDS** this case to the Superior Court of California, County of San Diego, for further proceedings. The Court also **DENIES AS MOOT** Defendant's Application to Proceed in District Court without Prepaying Fees or Costs and Defendant's Motion to Dismiss Unlawful Detainer Complaint.

## BACKGROUND

On October 2, 2025, Plaintiff Vlad Kroutik filed an Unlawful Detainer action in the Superior Court of California, County of San Diego, against Defendant Natalie Rajic. Plaintiff filed the case as a Limited Civil Case, seeking $320.39 for unpaid rent and $172.26 per day in damages beginning September 24, 2025. Compl. Ex. A-2. On October 20, 2025, Defendant removed the current action to the U.S. District Court for the Southern District of California alleging the grounds for jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1443. Not. at 1.

### I. Motion to Seal in Entirety

Defendant moves the Court to seal the action in its entirety. *See* Mot. This includes the Superior Court Complaint, Notice of Removal, Motion to Dismiss, and IFP Application.

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v.*

---

[1] Because the Motion to Seal was filed concurrently with the Complaint, it has not been Docketed through CM/ECF. There are no ECF Numbers until the Motion is ruled on. Therefore, the page numbers referred to are those in print on the filings themselves.

*State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1130. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* "An action's complaint, and its associated exhibits, are more than tangentially related to the merits of the case." *JBS Packerland, Inc. v. Phillips Cattle, Co.*, No. 24-CV-1299-BAS-MSB, 2024 WL 4280960, at *1 (S.D. Cal. Sept. 24, 2024) (citing *Ctr. for Auto Safety*, 809 F.3d at 1098).

Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court"

upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## ANALYSIS

Here, Defendant seeks to seal the action in its entirety, including the Complaint, Notice of Removal, and Motion to Dismiss. *See* Mot. This is more than tangentially related to the merits of the case because it is the entire case. *See JBS Packerland*, 2024 WL 4280960, at *1. Therefore, Defendant must satisfy the "compelling reasons" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1096–98. In her Motion to Seal, Defendant states that sealing the action is proper under California Civil Procedure Code § 1161.2, which restricts public access to civil case records in unlawful detainer proceedings for sixty (60) days after filing. Mot. at 1; Cal. Civ. Proc. Code § 1162.1. The Federal Rules of Civil Procedure apply to actions in federal court. *Hanna v. Plumer*, 380 U.S. 460, 473–74 (1967). Therefore, the Court does not follow California Civil Procedure Code § 1162.1, and Defendant must satisfy the federal standard.

Defendant has not met the compelling reasons standard to seal this entire case. Defendant only cites to § 1162.1 and argues that this action should be sealed because it could "harm [her] ability to obtain housing." Mot. at 1. While the Court is sympathetic to Defendant's situation, the request to seal the entire action is overbroad and "infringe[s] too extensively on the public right to access court records." *Rock v. McHugh*, 819 F. Supp. 2d. 456, 475 (D. Md. 2011). Defendant has not raised compelling reasons to seal this entire action, especially noting that "the complaint 'is at the heart of the interest in ensuring the public's understanding of the judicial process.'" *Harrel v. Cal. Forensic Med. Grp., Inc.*, No. 15-CV-579 KJN P, 2015 WL 1405567, at *1 (E.D. Cal. Mar. 26, 2015) (quoting *Kamakana*, 447 F.3d at 1179); *see also Ellis-Sanders v. Guardian Piazza D'Oro LLC*, No. 25-CV-1379-JO-DDL, 2025 WL 1637043, at *1 (S.D. Cal. June 9, 2025) (denying sealing the entire action, including court orders and filings from a San Diego Superior Court unlawful detainer action). Therefore, Defendant's Motion to Seal in Entirety is **DENIED**.

/ / /

## II. Jurisdiction

### LEGAL STANDARD

"Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper . . . .'") (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A defendant may remove an action from state court to a district court if the district court has original jurisdiction over the matter, meaning, as plead, the action could have been originally filed in federal court. *See* 28 U.S.C. § 1441(a). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566). When a case is removed to federal court, the court has an independent obligation to consider that it has subject matter jurisdiction. *Valdez v. Allstate* Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### ANALYSIS

Defendant first argues that this Court has jurisdiction under federal question jurisdiction—28 U.S.C. § 1331. Not. at 2. Section 1331 provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, on the face of the Complaint, there is no federal question presented because the only cause of action is a state law unlawful detainer action. *See, e.g.*, Cal. Civ. Proc. Code § 1161; *Muhammad v. N. Richmond Senior Hous., Inc.*, No. 3:15-cv-00629-WHO, 2015 WL 1154209, at *2 (N.D. Cal. Mar. 13, 2015)

("California federal courts have repeatedly held that unlawful detainer cases brought under California's unlawful detainer statute do not raise federal questions."); *Wells Fargo Bank v. Lapeen*, No. C 11-1932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("[A]n unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law."); *MH Southgate Invs., LLC v. Hernandez*, No. 25-CV-1493, 2025 WL 2607632, at *2 (E.D. Cal. Aug. 25, 2025) (same); *JMK Properties, Inc. v. Heatherly*, No. 25-CV-1961-RBM-JLB, 2025 WL 2639894, at *2 (S.D. Cal. Sept. 12, 2025) (same).

Further, Defendant cannot establish federal question jurisdiction by relying on potential defenses or counterclaims such as the Fair Housing Act, Rehabilitation Act, Americans with Disabilities Act, or the First Amendment. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citing *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 832 (2002)). Therefore, there is no federal question jurisdiction.[2]

Defendant also attempts to assert jurisdiction under 28 U.S.C. § 1343. Section 1343 grants district courts original jurisdiction over actions "commenced by any person" to redress the deprivation of constitutional rights. 28 U.S.C. § 1343. Jurisdiction under § 1343 is limited to actions involving: "(1) conspiracy to interfere with civil rights; (2) failure to prevent or aid in preventing a conspiracy to interfere with civil rights; (3) deprivation of rights under color of state law; and (4) acts of congress for protection of civil rights." *Robbins v. LDM-Properties, LLC*, No. 22-CV-933, 2022 WL 1469425, at *2 (C.D. Cal. May 10, 2022). Here, the Complaint is for unlawful detainer, not deprivation of constitutional rights, and none of the grounds for jurisdiction are present here. *See West Hollywood RE, LLC v. Weiss*, No. CV 24-4692-JFW(PDx), 2024 WL 4003902, at *1 (C.D. Cal. June 17, 2024) (denying jurisdiction under § 1343 because the complaint was for unlawful detainer). Thus, jurisdiction under § 1343 is improper.

Defendant also attempts to assert jurisdiction under 28 U.S.C. § 1443, which

---

[2] There is also no diversity jurisdiction under 28 U.S.C. § 1332 because, while the residency of Plaintiff is unknown, the amount in controversy is below $75,000.

1  provides federal courts with original jurisdiction over certain civil rights actions.  Not. at
2  2.  To satisfy removal under § 1443, the defendant has the burden to satisfy two
3  requirements: (1) "the [defendant] must assert, as a defense to the [action], rights that are
4  given to them by explicit statutory enactment protecting equal racial civil rights;" and (2)
5  the "[defendant] must assert that the state courts will not enforce that right," with "reference
6  to a state statute or a constitutional provision that purports to command the state courts to
7  ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006) (citing
8  *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)), *abrogated on other grounds
9  by*, BP P.L.C. v. Mayor & City Council of Baltimore, U.S. 593 U.S. 230 (2021).

10         "Courts thus routinely reject removal under Section 1443 unless the claim is
11  predicated on racial discrimination."  *Bartlett v. Patera*, No. 17-CV-6991-JSC, 2018 WL
12  10436644, at *2 (N.D. Cal. Feb. 8, 2018) (collecting cases) (finding a defense under the
13  Fair Housing Act for violations of civil rights independent of race did not satisfy § 1443);
14  *see also State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966) ("[W]e conclude that the
15  phrase 'any law providing for equal civil rights' must be construed to mean any law
16  providing for specific civil rights stated in terms of racial equality.").  Here, Defendant
17  alleges that the civil rights at issue are her familial-status with a minor child and disabilities
18  under the Americans with Disabilities Act—not racial discrimination.  Not. at 2; *see, e.g.*,
19  *Santi v. Batache*, No. 21-CV-603-SB-PD, 2021 WL 425982, at *2 (C.D. Cal. Feb. 5, 2021)
20  (finding removal of a state unlawful detainer action improper under § 1443 based on
21  defendant's ADA counterclaim).  Further, Defendant has not satisfied the second prong.
22  Defendant argues that the way California state courts handle unlawful detainer actions
23  deprives her of the opportunity to raise her "complex federal defenses" and that San Diego
24  Superior Court judges all suffer from conflicts of interest as CalPERS Beneficiaries.  Not.
25  at 6.  However, "[b]ad experiences with the particular court in question will not suffice."
26  *Sandoval*, 434 F.2d at 636; *see also Hernandez v. Oliu*, No. 14-cv-3924-SVW-FFMx, 2014
27  U.S. Dist. LEXIS 84554, at *3 (C.D. Cal. June 17, 2014) (finding the second prong not met
28  when defendant presented complaints about how California state courts handle unlawful

detainer actions); *Vincent v. Evans*, No. SA CV-16-43-JLS (KESx), 2016 WL 236203, at *2–3 (C.D. Cal. Jan. 20, 2016) (same).  Therefore, jurisdiction under § 1443 is also improper.

    Accordingly, the Court lacks subject matter jurisdiction and **REMANDS** the case to San Diego Superior Court, **Case Number 25UD052994C**.  *See MH Southgate Invs., LLC*, No. 25-CV-1493-DC-SCR, 2025 WL 2607632, at *2 (E.D. Cal. Aug. 25, 2025) ("[F]ederal courts routinely remand unlawful detainer actions to state court.").

## CONCLUSION

In light of the foregoing, the Court:

1. **DENIES** Defendant's Motion to Seal in Entirety.
2. **REMANDS** this action to the Superior Court for the State of California, County of San Diego, for lack of subject matter jurisdiction.
3. **DENIES AS MOOT** Defendant's Motion to Dismiss Unlawful Detainer Complaint.
4. **DENIES AS MOOT** Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS SO ORDERED.**

Dated:  October 30, 2025

                                       Hon. Janis L. Sammartino
                                       United States District Judge