UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLAD KROUTIK, Landlord,<br><br>                              Plaintiff,<br>v.<br>NATALIE RAJIC, Tenant,<br><br>                              Defendant. | Case No.: 25-CV-2794 JLS (AHG)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR RECONSIDERATION,**<br><br>**(2) DENYING MOTION FOR LEAVE TO FILE ELECTRONICALLY AS MOOT, AND**<br><br>**(3) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF Nos. 6, 7, 8) |

    Presently before the Court is Defendant Natalie Rajic's Motion to Vacate Prior Order, for Reconsideration, and for Judicial Recusal or Reassignment ("Mot.," ECF No. 6). Also before the Court is Defendant's Motion for Leave to Electronically File Documents (ECF No. 7) and Defendant's Motion for Temporary Restraining Order and Immediate Stay of State Eviction Proceedings ("TRO Mot.," ECF No. 8). Having considered Defendant's arguments and the law, the Court **DENIES** Defendant's Motions.

/ / /

# BACKGROUND

On October 2, 2025, Plaintiff Vlad Kroutik filed an Unlawful Detainer action in the Superior Court of California, County of San Diego, against Defendant Natalie Rajic. Plaintiff filed the case as a Limited Civil Case, seeking $320.39 for unpaid rent and $172.26 per day in damages beginning September 24, 2025. ECF No. 1 Ex. A-2. On October 20, 2025, Defendant removed the current action to the U.S. District Court for the Southern District of California alleging the grounds for jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1443. ECF No. 1 at 1 ("Not."). Defendant filed the action along with a Motion to Seal in Entirety, an Application to Proceed in District Court Without Prepaying Fees or Costs, and a Motion to Dismiss. *See generally id.*

On October 30, 2025, the Court denied Defendant's Motion to Seal in Entirety ("Order," ECF No. 5) for failure to satisfy the "compelling reasons" standard. Order at 4. The Court also remanded the action to the Superior Court of San Diego, finding a lack of subject matter jurisdiction. *Id.* at 8. Because the action lacks subject matter jurisdiction, the Court denied Defendant's Motion to Dismiss and Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs as moot. *Id.* Defendant now seeks reconsideration of this Order, judicial recusal, and injunctive relief. Mot. at 2; TRO Mot. at 2.

# MOTION FOR RECONSIDERATION

## I.   Legal Standard

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and

relief from judgment." *Evanston Ins. Co. v. Venture Point, LLC*, No. 220CV01783KJDEJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (emphasis in original) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). "Clear error or manifest injustice occurs when the 'reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Young v. Wolfe,* No. CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)). "As the Ninth Circuit has explained the clear error standard, '[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, No. 1:09-CV-00560-LJO, 2012 WL 6160468, at *3 n.2 (E.D. Cal. Dec. 11, 2012) (quoting *Fisher v. Roe*, 263 F.3d 906, 912 (9th Cir. 2001), *overruled on other grounds by Payton v. Woodford*, 346 F.3d 1204 (9th Cir. 2002)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

**II.   Analysis**

Defendant asks the Court to reconsider its October 30, 2025, Order denying her Motion to Seal in Entirety and remanding the action to the Superior Court of San Diego.

*See generally* Mot. Defendant contends reconsideration of the Motion to Seal is warranted because the Court "[a]bused its discretion by failing to acknowledge that the motion was unopposed"; "applied the wrong legal standard by ignoring the Full Faith and Credit Act 28 U.S.C. § 1738, and California's Tenant Privacy Statute, California Code of Civil Procedure § 1161.2"; and "overlooked controlling authority and evidence establishing compelling reasons for limited sealing." *Id.* at 4. Further, Defendant contends that the Court's remand of the case was improper because the case qualifies for jurisdiction under "Federal civil-rights removal under § 1443(1)"; "[t]he federal claims were not merely 'defenses' but substantive counterclaims"; and "[t]he Court did not make the findings required by § 1447(c) that remand was warranted for lack of subject-matter jurisdiction." *Id.* at 5–6.

To the extent Defendant argues that her Motion to Seal was unopposed, the Court considered the Motion on its merits, and whether it was opposed or not does not change the underlying analysis. *See Hilsley v. General Mills, Inc.*, No. 18-cv-395-L-BLM, 2020 WL 5656687, at *1 (S.D. Cal. Sept. 23, 2020) ("Lack of opposition to a motion to seal therefore does not automatically resolve it. . . . Defendants, as the parties seeking to seal judicial records, bear the burden of overcoming the strong presumption of access to court records.") (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 (9th Cir. 2003)). Further, in so far as Defendant argues that the Court did not make the findings required by § 1447(c) regarding remand, the Court respectfully disagrees, as the Court thoroughly explained its reasoning. *See* Order 5–8.

Defendant's other challenges largely reiterate the "same arguments, facts[,] and case law" that this Court already considered; accordingly, Defendant raises insufficient grounds to grant reconsideration. *See Wargnier v. Nat'l City Mortg. Inc.*, No. 09cv2721-GPC-BGS, 2013 WL 3810592, at *2 (S.D. Cal. July 22, 2013) (denying motion for reconsideration where the motion reflected the same arguments, facts, and case law that were previously considered and ruled upon by the court). "A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an

opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome." *See FTC v. Neovi, Inc.*, No. 06-CV-1952-JLS JMA, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009) (quoting *Devinsky v. Kingsford*, No. 05 Civ.2064(PAC), 2008 WL 2704338, at *2 (S.D.N.Y. 2008)), *aff'd*, 604 F.3d 1150 (9th Cir. 2010). To the extent Defendant makes new arguments, she does not identify newly discovered evidence or an intervening change in controlling case law. Consequently, Defendant has failed to establish that she is entitled to reconsideration of the Court's Order on the identified issues. *Arellano v. Santos*, No. 3:18-cv-02391-BTM-WVG, 2019 WL 1040134, at *3 (S.D. Cal. Mar. 4, 2019) (holding motions for reconsideration do not give parties "a second bite at the apple," and may not "be used to ask the Court to rethink what it has already thought") (citations and internal quotation marks omitted).

Furthermore, the Court does not find that its decision to deny Defendant's Motion to Seal and remand the case gives rise to "the definite and firm conviction that a mistake has been committed." *Young*, 2017 WL 2798497, at *5 (citation and internal quotation marks omitted). Accordingly, the Court **DENIES** Defendant's Motion for Reconsideration.

## MOTION REQUESTING FOR JUDGE TO RECUSE HERSELF

**I.   Legal Standard**

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Section 144 of the same title provides that a judge must recuse "whenever a party . . . makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "Those provisions require recusal where 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). Under both provisions, the reviewing court must determine whether the request to recuse is both timely and sufficient. *See E. &*

*J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) (holding requests to recuse under section 455(a) must be timely); 28 U.S.C. § 144 (noting affidavits must be "timely and sufficient"). Assuming that the affidavit is timely, Section 144 further requires that the affidavit "be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. This requirement "serves a preventative purpose to avoid the filing of frivolous affidavits." *United States v. Bennett*, No. SACR 03-25 AHS, 2008 WL 2025074, at *2 (C.D. Cal. May 5, 2008).

## II. Analysis

As an initial matter, construing Defendant's *pro se* Motion liberally, if Defendant intends to proceed under 28 U.S.C. § 144, Defendant's recusal request is procedurally defective, as Defendant's filing is accompanied by neither an affidavit nor a certificate of counsel of record stating that the affidavit is made in good faith.[1] Even had Defendant submitted an affidavit and certified that it was made in good faith, "as a *pro per* [defendant], [Defendant] cannot make the certification." *Bennett*, 2008 WL 2025074, at *2 (first citing *Williams v. N.Y. City Housing Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003), then citing *Robinson v. Gregory*, 929 F. Supp. 334, 337–38 (S.D. Ind. 1996)). "Some courts have concluded that an individual proceeding *in pro per* cannot proceed under Section 144," while "[o]ther courts have ruled that the affidavit of any counsel who is a member of the bar may sign the certificate of good faith." *Jimena v. UBS AG Bank*, No. CV-F-07-367 OWW/SKO, 2010 WL 2650714, at *3 (E.D. Cal. July 1, 2010) (collecting cases). Because Defendant has submitted neither an affidavit nor a certification of good faith from a member of the bar, she "cannot proceed pursuant to Section 144." *See id.*

If Defendant seeks to proceed under Section 455, Defendant's request is also substantively insufficient because it fails to allege facts that would lead a reasonable person

---

[1] Defendant did not submit a true affidavit, as it was not "sworn to by the declarant before an officer authorized to administer oaths." *Bell-Sparrow v. Wiltz*, No. C 12-2782 SI, 2013 WL 2146574, at *2 (N.D. Cal. May 15, 2013) (citing Black's Law Dict., Ninth Ed.). "Because the document was not sworn to before a judge or other authorized official, it is actually a declaration, not an affidavit." *Mahoney v. Diaz*, No. SACV 13-1082-GW JPR, 2014 WL 2985720, at *1 n.1 (C.D. Cal. July 1, 2014).

to conclude that the undersigned has personal bias and/or prejudice toward Defendant "stem[ming] from an extrajudicial source." *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (citing *Berger v. United States*, 255 U.S. 22, 31 (1921)); *see also Studley*, 783 F.2d at 939 ("The standard for recusal under 28 U.S.C. §§ 144, 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'") (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)).

Defendant alleges that recusal is proper due to "[f]inancial [c]onflicts [c]reating [the] [a]ppearance of [b]ias." Mot. at 6. In Defendant's eyes, this appearance of bias comes from "[t]he 2023 Financial Disclosure Report" identifying "two rental properties in San Diego and Del Mar"; "significant retirement income from the California State Judges Retirement System and City of San Diego pension plans and related CalPERS-managed funds"; "the [J]udge's spouse and adult children maintain[ing] professional affiliations in real-estate development, insurance defense, nonprofits, and higher-education institutions"; and a *San Diego Union-Tribune* report from November of 2021 discussing Judge Sammartino's involvement in "cases involving companies linked to her family's stock holdings." *Id.* at 6–7.

In assessing the sufficiency of a recusal affidavit, the Court determines "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist. Ct. for C.D. Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *Herrington v. Cnty. of Sonoma*, 834 F.2d 1488, 1502 (9th Cir. 1987)). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Id.* (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)). For purposes of a motion to disqualify, "[t]he judge is presumed to be qualified, and thus there is a substantial burden upon the moving party to show that such is not the case." *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001) (citing *United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976)); *accord First Interstate Bank of Ariz., N.A. v. Murphy, Weid &*

*Butler*, 210 F.3d 983, 987 (9th Cir. 2000) (collecting cases) ("Judicial impartiality is presumed."). Finally, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *Grinnell Corp.*, 384 U.S. at 583 (citing *Berger*, 255 U.S. at 31).

The Ninth Circuit has articulated the following "helpful, nonexhaustive list of various matters not ordinarily sufficient to require" disqualification:

> (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or other attempts to intimidate the judge.

*Clemens*, 428 F.3d at 1178–79 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

Each of Defendant's accusations fail to demonstrate that "a reasonable person with knowledge of all the facts would conclude that the [J]udge's impartiality might reasonably be questioned." *Clemens*, 428 F.3d at 1178 (quoting *Herrington*, 834 F.2d at 1502). Judge Sammartino owning rental property, having family members involved in the real-estate field, receiving retirement income from California Judges' Retirement System, and being involved in an unrelated conflict in a case from 2021, do not demonstrate that the Judge's impartiality may be questioned in this case. Judge Sammartino, her family, and her rental properties are not related to the Plaintiff or Defendant in this case in any way. Defendant's alleged connection between the eviction allowing Plaintiff to "sell the property to

'investors,'" and the "California State Judges Retirement System and City of San Diego pension plans and related CalPERS-managed funds" is nonsensical. Therefore, Defendant's Motion for Judicial Recusal is **DENIED**.

## TEMPORARY RESTRAINING ORDER

In the Court's previous Order, the Court remanded this action for lack of subject matter jurisdiction. A district court may not grant a temporary restraining order when it lacks subject matter jurisdiction over the underlying cause of action. *See, e.g.*, *Sirus v. Washington*, 314 F.2d 883, 884 (9th Cir. 1963); *Domingo v. Washington Mutual Bank, FA*, No. 19-cv-5864-ODW (JPRx), 2019 WL 2992012, at *2 (C.D. Cal. July 9, 2019) (dismissing a request for TRO where there was no subject matter jurisdiction). Therefore, because the Court lacks subject matter jurisdiction over Defendant's claims, the Motion for Temporary Restraining Order is **DENIED**.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's Motion to Vacate Prior Order, for Reconsideration, and for Judicial Recusal or Reassignment (ECF No. 6). The Court **DENIES AS MOOT** Defendant's Motion for Leave to Electronically File Documents (ECF No. 7). The Court further **DENIES** Defendant's Motion for Temporary Restraining Order (ECF No. 8). The Court empathizes with Defendant, but this matter is proper for resolution in state court, not federal court. As this matter was previously remanded for lack of subject matter jurisdiction, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: December 11, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge